UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HECTOR RODRIGUEZ, a/k/a Victor Rojas,

                Petitioner,

v.

WARDEN I. JACQUES,

                Respondent.

Case No. C18-1569-JCC-JPD

REPORT AND RECOMMENDATION

Petitioner Hector Rodriguez is a federal prisoner who is currently confined at FDC SeaTac.  He has submitted to this Court for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner submitted with his petition an application to proceed with this action *in forma pauperis* and a motion for declaratory judgment.  Petitioner indicates in his petition that he is seeking to challenge a judgment of the Lancaster County (Pennsylvania) Court of Common Pleas which was entered on July 17, 2006.  (*See* Dkt. 1-1 at 1.)  Petitioner further indicates that he was convicted on seven counts, all apparently drug related charges, and that he was sentenced to a term of 90 days confinement on the challenged convictions.  (*See id*. at 1, 15; Dkt. 1-2 at 2.)

REPORT AND RECOMMENDATION
PAGE - 1

1    Because petitioner is attempting to challenge convictions which originated in Lancaster, Pennsylvania, petitioner's federal habeas petition is properly filed in the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 2241(d).  When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). It would not be in the interest of justice to transfer this action because it appears unlikely that any claims pertaining to petitioner's Pennsylvania convictions are eligible for federal habeas review at this juncture.

A writ of habeas corpus may issue only upon a finding that a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The United States Supreme Court has interpreted this statutory language as requiring that a federal habeas petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989).  Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Id.*; *Brock v. Weston*, 31 F.3d 887, 889-90 (9th Cir. 1994).

While there is no question that petitioner is now in custody, he indicates in his petition that he is in federal custody and not state custody.  Moreover, if petitioner has accurately reported that he was sentenced to a 90 day term of confinement in 2006, it is exceedingly likely that his sentence for the challenged convictions has expired and that he is therefore not "in custody" for purposes of § 2254.

REPORT AND RECOMMENDATION
PAGE - 2

Even if petitioner were able to establish that he is currently in custody for purposes of the convictions he seeks to challenge, it seems likely that any federal habeas action is untimely. Pursuant to 28 U.S.C. § 2244(d)(1), a one year period of limitation applies to an application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. The one year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A). It is unclear from the face of the petition, or from the supplemental materials petitioner submitted in support of his petition, when petitioner's convictions became final. Petitioner does not indicate whether he ever appealed his convictions, he indicates only that he filed an application for extraordinary relief in the Supreme Court of Pennsylvania in January 2018, and that the petition was denied in April 2018. (*See* Dkt. 1-2.) Though not inconceivable, it is highly unlikely that the statute of limitations has not expired on a conviction which is now over ten years old.

Because petitioner filed the instant federal habeas petition in the wrong district, and because, in any event, it does not appear that petitioner's claims are likely eligible for federal habeas review, this Court recommends that petitioner's federal habeas petition be dismissed, without prejudice, for lack of jurisdiction. This Court further recommends that petitioner's application to proceed *in forma pauperis* and his motion for declaratory judgment be denied as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **December 11, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for

REPORT AND RECOMMENDATION
PAGE - 3

consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 14, 2018.**

    This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

    DATED this 20th day of November, 2018.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge