UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HECTOR RODRIGUEZ, a/k/a Victor Rojas,<br><br>                  Petitioner,<br><br>    v.<br><br>WARDEN I. JACQUES,<br><br>                  Respondent. | CASE NO. C18-1569-JCC<br><br>ORDER |

This matter comes before the Court on the Report and Recommendation of the Honorable James P. Donohue, U.S. Magistrate Judge, to deny Petitioner Hector Rodriguez's 28 U.S.C. section 2254 petition for a writ of habeas corpus (Dkt. No. 3) and Petitioner's objections thereto (Dkt. No. 4). Having thoroughly considered the petition, the Report and Recommendation, Petitioner's objections, and the balance of the record, the Court hereby OVERRULES Petitioner's objections, ADOPTS the Report and Recommendation in part, and ORDERS that the petition be transferred to the U.S. District Court for the Eastern District of Pennsylvania.

Petitioner is currently a federal prisoner confined at FDC SeaTac. (*See* Dkt. No. 1-1.) He filed a 28 U.S.C. section 2254 petition challenging a judgment of conviction entered in the Lancaster County Court of Common Pleas in Lancaster County, Pennsylvania. (*Id*.) Petitioner states that the judgment of conviction was entered on July 17, 2006, and that he was sentenced to

90 days. (*Id.*) Petitioner asserts that his conviction and sentence were obtained in violation of the Fourteenth Amendment's Due Process Clause. (*Id.* at 5.) Petitioner asks the Court to "vacate [his] judgment of conviction and sentences for counts 1 thru 7 and/or all counts and order my release from parole and/or prison." (*Id.* at 15.)

In his Report and Recommendation, Judge Donohue provides multiple grounds for denying Petitioner's requested relief. Judge Donohue states that the petition was improperly filed in this district because it seeks to challenge a state judgment and conviction that originated in Lancaster County, Pennsylvania. (Dkt. No. 3 at 2.) Judge Donohue recommends that the Court dismiss the petition, rather than transfer it to the proper district, because it does not appear that Petitioner's claims are eligible for federal habeas review. (*Id.*) Judge Donohue suggests that Petitioner is not "in custody" for the purpose of federal habeas review because the sentence he challenges—entered in 2006 and for a term of 90 days—has almost surely expired. (*Id.*) (citing *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989)). Even if Petitioner's sentence has not expired, Judge Donohue concludes that Petitioner's claim is likely time-barred by the statute's general requirement that a claim be filed within one year from entry of the state-court judgment. (*Id.* at 3) (citing 28 U.S.C. § 2244(d)(1)).

Petitioner objects to each aspect of Judge Donohue's Report and Recommendation. (*See* Dkt. No. 4.) First, he asserts that his petition was properly filed in this district because both he and his "legal custodian" are currently incarcerated at FDC SeaTac. (*Id.* at 1.) Regarding the proper venue for a section 2254 petition, the federal habeas statute specifies that:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Here, Petitioner is challenging a judgment and conviction from Lancaster County, Pennsylvania that is entirely unrelated to his present confinement at FDC SeaTac. (Dkt. No. 1-1.) Therefore, Petitioner's federal habeas petition would be properly filed in the United States District Court for the Eastern District of Pennsylvania. The case Petitioner cites for the proposition that this Court is the proper venue for his petition did not deal with a section 2254 habeas petition. (Dkt. No. 4 at 1) (citing *Smith v. Campbell*, 450 F.2d 829, 830 (9th Cir. 1971)).

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court FINDS that it is in the interest of justice to transfer Petitioner's federal habeas petition to the U.S. District Court for the Eastern District of Pennsylvania. It appears that Petitioner wishes to challenge an 18-year term of parole, which was imposed in 2006. (*See* Dkt. Nos. 1-1, 4.) If true, then Petitioner would still meet the "in custody" requirement for federal habeas relief because his sentence would not be fully expired. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963). While Judge Donohue states that "it is highly unlikely that the statute of limitation has not expired on a conviction that is now ten years old," it is not beyond question that the petition is untimely. (Dkt. No. 3 at 3.) First, it is not clear when Petitioner's conviction became final. (*See* Dkt. No. 1.) Second, Petitioner suggests his claims are supported by newly discovered evidence. (Dkt. No. 4 at 3.) For those reasons, the Court concludes that transfer is more appropriate than dismissal.

Accordingly, the Court OVERRULES Petitioner's objections (Dkt. No. 4), and ADOPTS the Report and Recommendation in part (Dkt. No. 3). The Court DIRECTS the Clerk to transfer Petitioner's federal habeas petition to the U.S. District Court for the Eastern District of Pennsylvania. The Clerk is further DIRECTED to send a copy of this order to Petitioner and to Judge Donohue.

//

//

DATED this 8th day of January 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1569-JCC
PAGE - 4